IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka THE BANK OF NEW YORK TRUST COMPANY, N.A. SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR RASC 2004-KS7,<br><br>   Plaintiff,<br><br>v.<br><br>THOMAS PHILLIPS, et al.,<br><br>   Defendants. | NO. 1:17-cv-00089<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Summary Judgment. (Doc. No. 24). Defendants filed a Response in Opposition (Doc. No. 27), and Plaintiff filed a Reply (Doc. No. 31). The parties also filed supplemental briefs on the statute of limitations. (Doc. Nos. 37, 38). For the reasons discussed below, Plaintiff's Motion for Summary Judgment (Doc. No. 24) will be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this cause of action seeking the reformation of a deed of trust that secures real property in Hickman County, Tennessee. In 1987, Douglas M. Haynes conveyed real property located at 6350 McCaleb Road, Bon Aqua, Tennessee 37025 to Thomas Phillips and Linda Phillips ("Defendants") pursuant to a deed, which was recorded with the Hickman County Register of Deeds in book 84, page 945. (Doc. No. 24-2; Doc. No. 27-1 ¶ 1). The property is an improved

parcel that covers 25.1 acres of land, includes a single-family home, and has been assigned Tax ID No. 024 02900 00006024 (the "Improved Parcel"). (Doc. No. 24-2; Doc. No. 27-1 ¶ 1).

In 1990, Douglas M. Haynes conveyed real property also located at 6350 McCaleb Road, Bon Aqua, Tennessee 37025 to Thomas Phillips and Linda Phillips pursuant to a deed, which was recorded with the Hickman County Register of Deeds in book 93, page 90. (Doc. No. 24-4; Doc. No. 27-1 ¶ 2). The property is an unimproved parcel that covers 14.4 acres of land and has been assigned Tax ID No. 024 02901 00006024 (the "Unimproved Parcel"). (Doc. No. 24-4; Doc. No. 27-1 ¶ 2).

On June 4, 2004, Thomas Phillips and Linda Phillips obtained a loan from Homecomings Financial Network, Inc. ("Homecomings") in the amount of $104,762.00, and Thomas Phillips executed a promissory Note (the "Note") in favor of Homecomings as evidence of this indebtedness. (Doc. No. 24-6; Doc. No. 27-1 ¶ 3). To secure repayment of the Note, Thomas Phillips and Linda Phillips executed a Deed of Trust, conveying the property to a Homecomings trustee, and the deed of trust was recorded in book 13, page 9399-9414. (Doc. No. 24-7; Doc. No. 27-1 ¶ 4). As part of the closing, Thomas Phillips executed a Statement of Occupancy and a Document Agreement. (Doc. No. 27-1 ¶ 7). The Statement of Occupancy indicates that upon taking title to the property secured by the Deed of Trust, Thomas Phillips agreed to occupy the property as his primary residence. (Doc. No. 27-1 ¶ 7). Only the Improved Parcel was capable of inhabitation. (Doc. No. 27-1 ¶ 7). The Document Agreement required Thomas Phillips to execute a "replacement document" in the event that the Deed of Trust is lost/misplaced or is found to be inaccurate. (Doc. No. 27-1 ¶ 7).

Homecomings assigned the Deed of Trust to Plaintiff on June 12, 2012, and the assignment was recorded on June 20, 2012, as Instrument Number 12002066, in the Register's Office for

Hickman County, Tennessee. (Doc. No. 24-10; Doc. No. 27-1 ¶ 8). Plaintiff appointed McCurdy & Candler TN, LLC as the substitute trustee for the Deed of Trust via a Notice of Appointment of Substitute Trustee, recorded on August 6, 2013 as Instrument No. 13002593, in the Register's Office for Hickman County, Tennessee. (Doc. No. 24-11; Doc. No. 27-1 ¶ 9).

Thomas and Linda Phillips defaulted on their loan and the Deed of Trust, and McCurdy & Candler conducted a non-judicial foreclosure sale of the property on September 19, 2013. (Doc. No. 27-1 ¶ 10). Plaintiff purchased the property at the foreclosure sale, and McCurdy & Candler conveyed the Property to Plaintiff pursuant to a substitute trustee's deed, which was recorded on September 23, 2013, as Instrument No. 13003207 in the Register's Office for Hickman County, Tennessee. (Doc. No. 24-12; Doc. No. 27-1 ¶ 10).

The Deed of Trust was intended to encumber both the Improved and Unimproved Parcels. (Doc. No. 27-1 ¶ 5). The derivation clause on page three of the Deed of Trust describes "Parcel ID Number 29.00" which is a reference to the tax identification number for the Improved Parcel. (Doc. No. 27-1 ¶ 6). However, the Deed of Trust only encumbered the Unimproved Parcel. (Doc. No. 27-1 ¶ 5). Like the Deed of Trust, the substitute trustee's deed only encumbered the Unimproved Parcel. (Doc. No. 27-1 ¶ 10).

On or about November 18, 2013, Plaintiff initiated an unlawful detainer action against Defendants in the General Sessions Court of Hickman County, Tennessee. (Doc. No. 18 ¶ 14; Doc. No. 24-13; Doc. No. 27-1 ¶ 12). A judgment of possession was entered in Plaintiff's favor on January 15, 2014, for possession of the property. (Doc. No. 18 ¶ 14; Doc. No. 24-14 at PageID # 246; Doc. No. 27-1 ¶ 12). On June 27, 2014, a writ of possession was issued.

On August 15, 2014, the Phillips filed a Motion to Correct Clerical Error wherein they argued that the foreclosure proceeding only applied to the Unimproved Parcel and that the order

of possession improperly included both parcels. (Doc. No. 24-14; Doc. No. 27-1 ¶ 13). The Court of General Sessions granted the motion and entered an order declaring that the order for possession applied only to the Unimproved Parcel. (Doc. No. 24-15; Doc. No. 27-1 ¶ 13).

On June 6, 2017, Plaintiff's counsel mailed to the Defendants' counsel a demand letter wherein Plaintiff requested an amended deed of trust, which sought to memorialize the parties' original intent by incorporating the legal description for the Improved Parcel. (Doc. No. 24-16; Doc. No. 27-1 ¶ 14). The Defendants did not comply with the demand. (Doc. No. 27-1 ¶ 14).

On October 2, 2017, Plaintiff filed a Complaint bringing a cause of action for rescission and reformation, seeking a declaration that the Improved Parcel is encumbered by the Deed of Trust lien and, that Plaintiff is vested with a security interest to the Improved Parcel as well as the real property described on the Exhibit A to the Deed of Trust; an alternative cause of action for declaratory judgment that the original Deed of Trust contains both the Unimproved and Improved Parcels; and an alternative cause of action for beach of contract. (Doc. No. 1). On April 5, 2018, Plaintiff filed an Amended Complaint (Doc. No. 18), adding the Internal Revenue Service as a party. (*See* Doc. No. 16). Plaintiff moves for summary judgment on all claims. (Doc. No. 24).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element

4

of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

#### A. Reformation of Deed of Trust

"Pursuant to Tennessee law, a court of equity, under certain conditions, will reform an instrument or deed when it fails to reflect the true intent of the parties. The error in the instrument must have occurred because of the mutual mistake of the parties or because of one party's mistake induced by the other party's fraud." *Holiday Hosp. Franchising, Inc. v. States Res., Inc.*, 232 S.W.3d 41, 51 (Tenn. Ct. App. 2006). "A mutual mistake requires all parties to the contract or instrument to have participated in the error and labored under the same misconception." *Id.* A party seeking to reform a contract because of mutual mistake must show by clear and convincing evidence that:

> (1) the parties reached a prior agreement regarding some aspect of the bargain; (2) they intended the prior agreement to be included in

5

> the written contract; (3) the written contract materially differs from the prior agreement; and (4) the variation between the prior agreement and the written contract is not the result of gross negligence on the part of the party seeking reformation.

*Sikora v. Vanderploeg*, 212 S.W.3d 277, 288 (Tenn. Ct. App. 2006) (footnotes and citations omitted). Plaintiff argues that it is entitled to rescission of the foreclosure sale and reformation of the Deed of Trust because it is undisputed that the parties intended to encumber the Improved Parcel. (Doc. No. 24 at 13). Plaintiff contends that the Deed of Trust does not exhibit the true intent of the parties because it does not include the legal description for the Improved Parcel. (Doc. No. 24 at 13). Plaintiff argues that the omission of the legal description for the Improved Parcel in the Deed of Trust "was a mutual mistake" because "[i]t was incumbent upon both parties to notice the omission..." (Doc. No. 24 at 13 (citing *Deutsche Bank Nat'l Tr. Co. for J.P. Morgan Mortg. Acquisition Tr. 2007-CH4 v. Birchfield*, No. 2:16-CV-19-TAV-MCLC, 2017 WL 3444694, at *6 (E.D. Tenn. Aug. 10, 2017) ("the "obvious" inadequacies of the deeds of trust—including the documents' exclusion of Tract III, which the parties mutually intended to be covered by the deeds—was the Birchfields' mistake as well as plaintiff's mistake."))).

In Response, Defendants argue that Plaintiff's claim is time barred by the ten-year statute of limitations for reforming a deed. (Doc. No. 27-3). It is undisputed that the Deed of Trust was executed on June 4, 2004. (Doc. No. 24-7; Doc. No. 27-1 ¶ 4). In Reply, Plaintiff concedes that Tennessee courts apply the general ten-year statute of limitations to actions seeking to reform a deed. (Doc. No. 31 at 5-6; Doc. No. 37 at 4). However, Plaintiff argues the statute of limitations should be tolled because Defendant Thomas Phillips fraudulently concealed the mistake in the legal description of the Deed of Trust. (Doc. No. 31 at 5-6; Doc. No. 37 at 4-8). More specifically, Plaintiff argues that Defendant made a material misrepresentation at the time of the closing because he signed a statement that he would occupy the property as his principle residence when he could

6

not actually occupy the property because the Unimproved parcel was uninhabitable. (Doc. No. 37 at 5). Plaintiff further argues that even if Defendant believed he was providing accurate information at the time he executed the statement of occupancy, he "eventually discovered the mistake in the Deed of Trust" but did not tell Plaintiff about the mistake. (Doc. No. 37 at 6-7).

Under Tennessee law, the party invoking the fraudulent concealment doctrine must demonstrate:

> (1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so;
>
> (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence;
>
> (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and
>
> (4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*Robinson v. Baptist Mem'l Hosp.*, 464 S.W.3d 599, 608–09 (Tenn. Ct. App. 2014). Here, the Court finds Plaintiff's argument that Defendant fraudulently concealed the mistake in the legal description of the Deed of Trust unpersuasive given that Plaintiff also had the legal description in the Deed of Trust at its disposal. Under Tennessee law, Plaintiff is charged with the knowledge of the contents of its deed of trust. *See e.g.*, *Carroll v. Braden*, No. W200101901COAR3CV, 2002 WL 31306697, at *3 (Tenn. Ct. App. Oct. 15, 2002).

The Court finds that Plaintiff has failed to establish that it could not have discovered the mistake in the legal description of the Deed of Trust despite exercising reasonable diligence. Accordingly, for the reasons described above, the Court finds that Plaintiff is not entitled to summary judgment on its claims seeking reformation of the Deed of Trust.

### B. Equitable Lien

The Court also finds that Plaintiff has not established that it is entitled to an equitable lien. Plaintiff fails to address how such a lien may affect the Internal Revenue Service lien on the property. (*See* Doc. No. 16 ¶ 5). Tennessee courts have found that equity does not permit courts to correct mistakes – to the detriment of innocent third parties – that a party could have avoided with reasonable diligence. *See, e.g.*, *Trent v. Mountain Commerce Bank*, No. E201801874SCR11CV, 2020 WL 5036205, at *5 (Tenn. Aug. 26, 2020) (citing *Trigg v. Read*, 24 Tenn. 529, 541 (1845) (stating that equity will not grant relief to a party who by reasonable diligence could discover the material facts); *Bank of N.Y. Mellon v. Goodman*, No. M2013-01372-COA-R3-CV, 2014 WL 1516329, at *11 (Tenn. Ct. App. Apr. 16, 2014) (denying relief for a deed of trust mistakenly recorded in the wrong county because a subsequent judgment creditor with properly recorded judgment liens should not be penalized because of mistakes that "could have been avoided with just a little effort")); *see also Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 948 (6th Cir. 2020) ("Courts can not underwrite Defendants' business risks under the guise of equity when Defendants themselves failed to take minimal steps to ensure their interests were properly protected.") (citation omitted).

Accordingly, for the reasons described above, the Court finds that Plaintiff is not entitled to summary judgment on its claims seeking an equitable lien.

### C. Breach of Contract

Plaintiff also seeks summary judgment on its breach of contract claim against Defendant Thomas Phillips. To establish a breach of contract under Tennessee law, a plaintiff must show "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the

8

contract, and (3) damages caused by the breached contract." *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816–17 (Tenn. Ct. App. 2011).

Plaintiff states that it has met the first element, asserting that "there is no doubt than an enforceable contract exists between the parties. The Document Agreement details the specific terms of the agreement and is unambiguous." (Doc. No. 24 at 16). Plaintiff points to the paragraph of the contract that states:

> **Agreement to Replace Lost or Misplaced Documents and to Correct Misstated or Inaccurate Documents:** Regardless of the reason for any loss, misplacement, or inaccuracy in any document evidencing and/or securing the above referenced loan (the "loan"), Borrower agrees to execute and/or initial and deliver pursuant to this paragraph shall hereinafter be referred to as "Replacement Documents". Borrower agrees to deliver to Lender any documents Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The documents Lender requests Borrower to execute and/or initial and deliver pursuant to this paragraph shall hereinafter be referred to as "Replacement Documents". Borrower agrees to deliver the Replacement Documents within 10 (ten) days after receipt by Borrower of a written request from Lender for them.

(Doc. No. 24-9) (emphasis in original). Plaintiff produces evidence that, on June 6, 2017, Plaintiff, through counsel, sent a letter to Defendants' counsel requesting execution of an amended deed of trust to incorporate the legal description for the Improved Parcel. (Doc. No. 27-1 ¶ 14; Doc. No. 24-16). It is undisputed that Defendants did not comply with the request. (*See* Doc. No. 27-1 ¶ 14). Plaintiff argues that "[s]ince the Defendants have admitted that the original Deed of Trust should have included the Improved Parcel and yet failed to execute the Amended Deed of Trust, they have failed to perform as require by the Document Agreement." (Doc. No. 24 at 16).

Plaintiff asserts that it has incurred damages as a result of the breach of the Document Agreement, contending that it has potentially lost its collateral and that is has incurred attorneys' fees in pursuing the present action. (*Id.*). Plaintiff also asserts that its potential damages are equal

9

Case 1:17-cv-00089   Document 47   Filed 09/30/20   Page 9 of 10 PageID #: 408

to the balance of the Loan because it will be unable to reduce the balance of the loan by a foreclosure sale if the Deed of Trust is not reformed. (*Id.*). Plaintiff requests that the Court order specific performance that rescinds the prior foreclosure sale and reforms the Deed of Trust to include the Improved Parcel. (*Id.* at 17).

Defendants do not raise any argument against Plaintiff's breach of contract claim, other than to say that reformation of the Deed of Trust could still not be accomplished as relief for that claim. (*See* Doc. No. 38 at 4). As it is undisputed that Defendants did not comply with the terms of the Document Agreement, the Court finds that Plaintiff is entitled to summary judgment on its breach of contract claim. The nature of any requested monetary and/or equitable relief will be considered in a later proceeding.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

10

Case 1:17-cv-00089   Document 47   Filed 09/30/20   Page 10 of 10 PageID #: 409