# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka THE BANK OF NEW YORK TRUST COMPANY, N.A. SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR RASC 2004-KS7, <br><br>Plaintiff, <br><br>v. <br><br>THOMAS PHILLIPS, et al., <br><br>Defendants. | NO. 1:17-cv-00089 <br><br>JUDGE CAMPBELL <br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment as to Specific Performance. (Doc. No. 51). For the reasons discussed below, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this cause of action seeking the reformation of a deed of trust that Defendants executed in June 2004 as security for real property in Hickman County, Tennessee (the "Deed of Trust"). The Deed of Trust was intended to encumber two parcels, but mistakenly only encumbered one of the parcels. (Doc. No. 27-1 ¶ 5). In connection with executing the Deed of Trust, Defendants signed a contract (the "Document Agreement") agreeing to execute a "replacement document" in the event the Deed of Trust was lost/misplaced or found to be inaccurate. (Doc. No. 51-1 at PageID # 467). In June 2012, Plaintiff was assigned the Deed of Trust. (Doc. No. 24-10). In June 2017, Plaintiff sent a demand letter to Defendants requesting that they execute an amended deed of trust to encumber the second parcel, as originally intended. (Doc.

No. 27-1 ¶ 14). Defendants did not comply with Plaintiff's demand, and Plaintiff filed the present suit. (*Id.*).

By prior Order, the Court denied summary judgment on Plaintiff's claim for reformation of the deed due to the expiration of the ten-year statute of limitations and on Plaintiff's claim for an equitable lien due to its own failure to use reasonable diligence, but granted summary judgment on Plaintiff's claim that Defendants breached the Document Agreement by failing to execute the amended deed of trust. (Doc. Nos. 47, 48). On October 5, 2021, the Court ordered Plaintiff to file a statement of damages for its breach of contract claim. (Doc. No. 49). Instead of filing a statement of damages, Plaintiff filed the pending motion for summary judgment as to specific performance seeking a judgment ordering Defendants to execute the amended deed of trust. (Doc. No. 51).

## II.     ANALYSIS

Specific performance is an equitable remedy. *See Williamson Cty. Broad. Co. v. Intermedia Partners*, 987 S.W.2d 550, 554 (Tenn. Ct. App. 1998). Whether specific performance is merited is within the sound discretion of the trial court. *McGaugh v. Galbreath*, 996 S.W.2d 186, 191 (Tenn. Ct. App. 1998). "It is a fundamental principle in the law of specific performance that for relief to be granted, mutuality of remedy must exist. Accordingly, specific performance will not be granted in favor of one party unless it can also be granted in favor of the other." *Sec. Land Co. v. Touliatos*, 716 S.W.2d 918, 921 (Tenn. 1986).

Through its pending motion, Plaintiff claims there is mutuality of remedies – *i.e.*, that Defendants could be granted specific performance under the Document Agreement – because, if Plaintiff refused to issue a replacement document, Defendants would be able to bring a breach of contract claim against it "for violating the duty of good faith and fair dealing." (Doc. No. 51 at 9-10). However, "[u]nder Tennessee law, there is no standalone claim for breach of the implied

2

Case 1:17-cv-00089   Document 54   Filed 05/20/22   Page 2 of 3 PageID #: 510

covenant [of good faith and fair dealing]—it does not form an independent basis for relief." *Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc.*, 763 F. App'x 388, 393 (6th Cir. 2019) (citing *Berry v. Mortg. Elec. Registration Sys.*, 2013 WL 5634472, at *7 (Tenn. Ct. App. Oct. 15, 2013)); *see also Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 666 (Tenn. 2013) ("duty of good faith and fair dealing does not extend beyond the agreed upon terms of the contract and the reasonable contractual expectations of the parties…[or] create new contractual rights or obligations[.]") (citations omitted). Accordingly, Plaintiff has failed to establish that mutuality of remedy exists. *See Sec. Land Co. v. Touliatos*, 716 S.W.2d 918, 921 (Tenn. 1986). Therefore, its motion (Doc. No. 51) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE